## In re MEDICAL ONE, INC., Debtor.

### Bankruptcy No. 85–850.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 17, 1987.

Harley E. Riedel, Tampa, Fla., for debtor.

Eric Ludin, Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, Fla., for Earl P. Myhree, M.D. (movant).

Norman Stallings, Jr., Gibbons, Tucker, Miller, Watley & Stein, P.A., Tampa, Fla., for Intern. Medical Centers, Inc.

## ORDER ON RENEWAL OF NOTICE FOR ORDER TO SHOW CAUSE AS TO INTERNATIONAL MEDICAL CENTERS AND NORMAN STALLINGS

ALEXANDER L. PASKAY, Chief Judge.

This is a confirmed Chapter 11 case and the matter under consideration is a Renewed Motion filed by Dr. Earl P. Myhree who seeks to hold in contempt Norman Stallings (Stallings) and International Medical Center (IMC). The procedural background leading up to this Motion as appears from the record can be briefly summarized as follows.

On November 13, 1986, this Court heard a Motion to Strike an Objection to the Claim of Dr. Myhree, who also sought an Order imposing sanctions against Norman Stallings and IMC. The Motion was based on the proposition urged by Dr. Myhree that the objection to his claim was filed in bad faith and, therefore, this Court should find that Stallings violated Bankruptcy Rule 9011, the certification rule, inasmuch as he failed to conduct a reasonable inquiry to determine whether there was any basis for the objection or not; and based on this failure, this Court should impose appropriate sanctions against Stallings. At the conclusion of the original hearing on the Motion to Impose Sanctions pursuant to Bankruptcy Rule 9011, this Court concluded that the objection interposed by IMC and filed by Stallings was neither well grounded in fact nor was it tenable legally and was clearly interposed solely for an improper purpose, specifically to cause the creditors to relinquish their valid and enforceable claims rather than pay the cost of litigation in contesting the objection interposed by IMC. This Order, as it related to the request to impose sanctions was granted and this Court entered an Order and imposed a sanction of $500.00 and ordered Stallings and IMC jointly and severally to pay Dr. Myhree $500.00 within fifteen (15) days from the date of the Order. The Order was entered on November 13, 1986. The Order further provided, however, that in the event the sanction imposed was not paid within the time fixed by the Order, Dr. Myhree was authorized to apply to this Court for an Order to impose additional sanctions against Stallings and IMC for willful violation of a lawful Order of this Court.

On November 24, 1986, IMC and Norman Stallings filed a Motion for Rehearing and sought a reconsideration of the Order entered November 13, 1986 which imposed the sanctions. On January 13, 1987, this Court entered an Order and granted the Motion and rescheduled a hearing for March 2, 1987, in order to reconsider the original Motion. In the interim, Dr. Myhree filed an objection to the Motion for Rehearing and also filed a Motion and sought the issuance of an Order to Show Cause alleging that neither Norman Stallings nor IMC paid the sanctions imposed by the November 13, 1986 Order and therefore they should be directed to appear and show cause why they should not be held in contempt for failure to obey a lawful Order of this Court. On March 10, 1987, after having considered the Motion for Rehearing, this Court entered an Order and reaffirmed the November 13, 1986 Order. The Order

of March 10th further provided that ruling would be deferred on Dr. Myhree's request to cite and punish IMC and Norman Stallings for contempt for fifteen (15) days in order to enable Stallings or IMC to file an appeal and obtain a stay pending appeal if they so deemed to be advised.

On April 13, 1987, Dr. Myhree filed a Renewed Motion for Order to Show Cause. In his Motion, Dr. Myhree alleged that neither Stallings nor IMC filed an appeal within fifteen (15) days as provided by the Order entered on March 10, 1987; that they had yet to pay the $500.00 sanctions imposed and therefore were in contempt of this Court and should be punished accordingly. This is the Renewed Motion which is presently under consideration.

It is without dispute that Stallings did ultimately pay, albeit just before the hearing on the Renewed Motion, the $500.00 in sanctions imposed by the November 13, 1986 Order. Based on the undisputed facts, it is the contention of Dr. Myhree that both Stallings and IMC are guilty of willful violation of a lawful Order of this Court, therefore should be found to be in contempt and punished. In addition, Dr. Myhree seeks an additional $500.00 as compensation for the attorney's fees he incurred in an attempt to collect the original $500.00 sanctions.

In opposition to Dr. Myhree's Motion, Stallings contends that the payment of the $500.00 in sanctions was the sole responsibility of IMC and that he had no individual liability for the amount awarded to Dr. Myhree. He further claims that he had attempted without success to obtain the $500.00 from IMC who is now in receivership and has no funds with which to pay the $500.00. Based on these contentions, Stallings claims in his defense that he should not be liable for further sanctions to compensate for the attorney's fees and costs Dr. Myhree was compelled to incur in collecting the $500.00.

■ First, it should be noted that sanctions may be imposed jointly and severally on the attorney signing a pleading in violation of Bankruptcy Rule 9011, not only on the attorney, but also on the client. *In*

*re Gomes,* 58 B.R. 310 (Bankr.R.I.1986) Thus there is hardly any doubt that the Order of November 13th imposed sanctions not only on IMC but also on Stallings who had the responsibility to make the payment imposed by that Order. Thus the defense that the sanctions imposed was not paid because IMC is now in receivership and unable to pay the sanctions is without merit and must be rejected. IMC's inability to pay the sanctions did not relieve Stallings of his obligation to obey the November 13th Order. Therefore his refusal to pay the original sanctions timely was inexcusable. However, as noted earlier, Stallings ultimately paid pay the $500.00 sanctions imposed by the November 13, 1986 Order, but only after Dr. Myhree had to hire an attorney to file the present Motion to enforce compliance with the November 13th Order. In this connection, Dr. Myhree incurred additional attorney's fees and costs as a direct result of Stallings' original violation of Bankruptcy Rule 9011, which was the basis for imposition of the sanctions. For this reason, this Court is satisfied that Dr. Myhree should be compensated by Stallings for these additional expenditures. Although Dr. Myhree requested the sum of $500.00 to compensate him for attorney's fees and costs, this Court is satisfied that the imposition of $300.00 as an additional sanction would be sufficient to provide a reasonable compensation for Dr. Myhree for these additional expenses.

■ Concerning Dr. Myhree's Motion to hold Stallings and IMC in contempt this Court is satisfied that Stallings although four months late in remitting the $500.00, purged himself and complied with the original Order, albeit belatedly. Therefore it would not be appropriate to proceed any further and consider any punishment for contempt of Stallings. While this may not be appropriate entirely concerning IMC, inasmuch as IMC is currently in receivership, it would not be feasible and practical to impose any fine on IMC for its failure to comply with the November 13, 1986, Order. Therefore, this Court is satisfied that based on the payment by Stallings to Dr. Myhree

on July 13, 1987, the Motion for Order to Show Cause should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Renewal of Motion for Order to Show Cause be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that additional sanctions of $300.00 be, and the same is hereby, imposed against Norman Stallings. It is further

ORDERED, ADJUDGED AND DE-CREED that Norman Stallings be, and the same is hereby, ordered to pay Dr. Earl P. Myhree the sum of $300.00 within twenty (20) days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that if Norman Stallings fails to pay the sum of $300.00 within twenty (20) days of the date of the entry of this Order, this Court will enter a further Order on this matter.