**Howard B. SAMUELS, et al.,
Plaintiffs–Appellees,**

**and**

**Terence P. Boyle and James A. Nations, Appellants, Cross–Appellees,**

**v.**

**Jack WILDER, et al., Defendants–Appellees, Cross–Appellants.**

**Nos. 89–3359, 89–3383.**

United States Court of Appeals, Seventh Circuit.

Argued June 15, 1990.

Decided June 29, 1990.

---

Stephen C. Shamberg, Chicago, Ill., Terence P. Boyle, Phyllis M. Ain, William R. Fishman, James A. Nations, Martin M. Berliner, O'Conner & Hannan, Denver, Colo., Norman S. Lynn, Joel D. Teibloom, Shelley R.Z. Barnett, James W. Corbett, Lynn & Levenstein, Chicago, Ill., for plaintiffs-appellees.

Randall L. Mitchell, Daniel M. Blouin, Schuyler, Roche & Zwirner, Philip Fertik, Beigel & Sandler, Chicago, Ill., David A. Zisser, O'Conner & Hannan, Denver, Colo., for defendants-appellees, cross-appellants.

David A. Zisser, Phyllis M. Ain, William R. Fishman, O'Conner & Hannan, Denver, Colo., for appellants, cross-appellees.

James A. Nations, O'Conner & Hannan, Denver, Colo., pro se.

Terence P. Boyle, O'Conner & Hannan, Denver, Colo., pro se.

Before CUMMINGS, EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

When last this securities fraud case was here, we affirmed an order granting summary judgment to the defendants, 871 F.2d 1346 (7th Cir.1989). Plaintiffs maintained that the defendants, who sold partnership interests in oil wells, picked the best prospects for themselves and their friends, assigning to outside investors larger shares of wells that were dry or poor producers. Evidence turned up in discovery showed that the defendants usually assigned partnership interests before the wells were completed and always before there had

been substantial production; because it would take a year's production to determine how productive a well would be, it followed that the promoters could not have been engaged in "cherry picking". In the end, the plaintiffs' ratio of productive to unproductive wells (1.054 to 1) was not significantly inferior to that of Wilder, the principal promoter (1.105 to 1); the principal corporate insider did worse (Ansam, at 0.939 to 1). 702 F.Supp. 1377, 1380 (N.D. Ill.1988). Plaintiffs ultimately abandoned the claims that animated the litigation. In response to the defendants' motion for summary judgment, plaintiffs tried to amend their complaint to pursue a new theory. The district court denied the motion to amend, and we held this a permissible exercise of discretion.

We remarked that plaintiffs "should have known all the relevant facts for months before the October 1986 summary judgment motion", 871 F.2d at 1350. The district court was of the same view and granted defendants' motion for sanctions under Fed.R.Civ.P. 11. The court concluded that plaintiffs should have dropped their cherry picking claim when they learned during discovery that it lacked a factual foundation. It required plaintiffs and their lawyers to reimburse defendants for the expenses of preparing the motion for summary judgment. 1988 WL 92702, 1988 U.S. Dist. LEXIS 9590 (N.D.Ill.). The court also imposed sanctions for the plaintiffs' motion to amend the judgment under Fed.R.Civ.P. 59(e); it denied defendants' request for sanctions on account of the original complaint. Both sides have appealed.

■ Defendants maintain that the filing of the complaint violated Rule 11 because plaintiffs knew or should have known that interests in the wells were assigned before their productivity was established. Plaintiffs reply that before filing suit they sent lawyers and accountants to New York to examine the books, that their findings were consistent with cherry picking, and that the withholding of information heightened their suspicions. The district court concluded that the plaintiffs' investigation was reasonable under the circumstances. Such

findings are reviewed deferentially, *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), following *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir.1989) (in banc).

■ Although discovery disproved the cherry picking claim, failure of proof does not imply a violation of Rule 11. Counsel must investigate, but need not have in hand before filing enough proof to establish the case. Rule 11 does not modify the system of notice pleading established by Rule 8. It requires only an outline of a case, *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir.1987). As we remarked in *Frantz v. United States Powerlifting Federation*, 836 F.2d 1063, 1068 (7th Cir.1987), Rule 11 draws a "fine line. Rule 11 must not bar the courthouse door to people who have some support for a complaint but need discovery to prove their case, yet the need for discovery does not excuse the filing of a vacuous complaint." In light of *Hartmarx* the responsibility for patrolling that line rests with the district judges. Although defendants maintain that plaintiffs knew enough before filing to appreciate that they were doomed to lose— that their pre-filing investigation was too thorough for their own good—the district court was not bound to agree. Its decision was not an abuse of discretion.

■ According to the district judge, plaintiffs should have thrown in the towel not before filing the complaint but as soon as it became clear during discovery that all of the interests in the wells were assigned before completion or substantial production—too soon to know which wells were cherries worth picking. Delay required the defendants to spend time and money completing the discovery and preparing the papers seeking summary judgment, all wasted because plaintiffs folded immediately after the motion was put on file. The difficulty with this conclusion is that Rule 11 applies only to a "pleading, motion, or other paper". The district judge treated the *lack* of a filing (one abandoning the cherry picking claim) as a violation, and it would require main force to deploy Rule 11

against counsel who chose *not* to file a "pleading, motion, or other paper" that the district court thought they ought to have filed.

We have been told to take Rule 11 literally. *Hartmarx,* — U.S. at —, —, 110 S.Ct. at 2455–57, 2460–62; *Pavelic & Le-Flore v. Marvel Entertainment Group,* — U.S. —, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989). That means applying Rule 11 exclusively to pleadings, motions, and other papers, exactly as *Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.,* 809 F.2d 451 (7th Cir.1987), holds. The district judge did not mention *Pantry Queen,* which like this case involved a claim that Rule 11 requires counsel to find the facts and conclude litigation expeditiously. We replied that "Rule 11 does not require revisions of pleadings to conform with newly discovered information.... Rule 11 does not require the updating of papers that were not subject to sanctions when filed." 809 F.2d at 454. See also *Hamer v. County of Lake,* 819 F.2d 1362, 1370 n. 15 (7th Cir.1987) ("Rule 11 does not impose a continuing obligation on attorneys to reevaluate the merits of the case as the litigation develops"). Accord, *Oliveri v. Thompson,* 803 F.2d 1265, 1274–75 (2d Cir. 1986); *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 484 (3d Cir.1987); *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 874 (5th Cir.1988) (in banc); *Corporation of the Presiding Bishop v. Associated Contractors,* 877 F.2d 938, 942–43 (11th Cir. 1989); *Hilton Hotels Corp. v. Banov,* 899 F.2d 40, 44–45 & n. 6 (D.C.Cir.1990). Contra, *Herron v. Jupiter Transportation Co.,* 858 F.2d 332, 336 (6th Cir.1988). As a practical matter Rule 11 requires lawyers to evaluate their case in light of new developments because they are forever filing papers, all of which must be adequately investigated and supported. But the district judge imposed sanctions in this case because plaintiffs *failed* to file a document dismissing the complaint at the time the court thought they should have dismissed their cherry picking claim. Rule 11 does not support sanctions for inactivity or belated activity.

■ Although Rule 11 does not require litigants to surrender in the face of defeat, we suggested in *Pantry Queen,* 809 F.2d at 453, that 28 U.S.C. § 1927 may require counsel to bring to the court's attention facts that will cut the case short. Accord, *Hamer,* 819 F.2d at 1370 n. 15. Section 1927 provides that an attorney "who ... multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Counsel may "multiply" proceedings by dragging them out as well as by filing too many papers. Defendants relied on § 1927 in the district court. Given our conclusion that plaintiffs "should have known all the relevant facts for months before the October 1986 summary judgment motion", 871 F.2d at 1350, it is tempting to affirm the district court's award on the authority of § 1927.

As in *Hamer,* however, we refrain from this course and remand for further proceedings. Section 1927 and Rule 11 are addressed to different conduct: the statute to prolonging litigation, and Rule 11 to particular filings. Although *In re TCI Ltd.,* 769 F.2d 441, 445–50 (7th Cir.1985), holds that despite the sound of "vexatiously", § 1927 penalizes objectively unreasonable conduct as well as malicious conduct, accord, *Reliance Insurance Co. v. Sweeney Corp.,* 792 F.2d 1137 (D.C.Cir.1986), § 1927 differs from Rule 11 because it does not require "reasonable" investigation. It is possible that the differences between statute and rule justify a difference in outcome. Whether sanctions should be awarded under § 1927, as under Rule 11, is a judgment call, and therefore one for the district court to make in the first instance. Moreover, one sentence in the district court's opinion implies that it awarded sanctions not only for inactivity but also for misstatements in the papers responding to defendants' motion for summary judgment. That subject, to which Rule 11 applies, may be fleshed out on remand.

■ There remains the question whether the district judge abused his discretion in

concluding that the plaintiffs' post-judgment motion for reconsideration violated Rule 11. Judge Zagel warned counsel to think twice and to be very sure that they had new facts or legal theories to bring to the court's attention. Counsel ignored the warning and filed a bare-bones motion containing no new facts or theories. It asserted among other things that summary judgment was improper because "the Court's interpretation of the indemnity clause [in the contract] turned on disputed, ambiguous language which should not have been construed conclusively on a motion for summary judgment." Until that instant plaintiffs had insisted that the clause was clear and had demanded that the judge award summary judgment in their favor on its authority. The motion did not attempt to explain why what had been clear suddenly turned cloudy, and it was not phrased as an alternative or fallback argument. To make matters worse, counsel represented that Judge Marshall, from whom Judge Zagel took over the case, had promised them that they could call facts to the court's attention belatedly; the transcript of the proceedings before Judge Marshall shows that he said no such thing. The combination of the lack of new arguments (except the unexplained switch in position concerning the indemnity clause) with the misrepresentation of Judge Marshall's statements led Judge Zagel to conclude that the motion violated Rule 11. Deferential review of this decision affords no basis on which to upset it.

The decision of the district court is affirmed to the extent it denies sanctions for the original complaint and awards sanctions on account of the motion to reconsider. It is vacated to the extent it awards sanctions on account of plaintiffs' delay in withdrawing their cherry picking claim, and the case is remanded for further proceedings consistent with this opinion. Because reconsideration may lead to a change in the amount of sanctions awarded, we do

not consider plaintiffs' challenge to the computation. We remind counsel for plaintiffs, however, that Rule 11 and § 1927 are *sanctions* rules, not compensation devices. Persons required to pay sanctions have no entitlement to a perfect match between the award and the defendants' legal fees, and the discretion the district judge possesses in deciding whether the conduct is sanctionable extends as well to the selection of the sanction. Because appellate review is deferential, unwarranted appeals may lead to further sanctions under Fed.R.App.P. 38, see *Hartmarx*, —— U.S. at ——, 110 S.Ct. at 2460–62. Circuit Rule 36 shall not apply on remand.