**In re AIR DISASTER AT LOCKERBIE, SCOTLAND, ON DECEMBER 21, 1988.**

v.

**UNITED STATES of America, Third–Party Defendant.**

**M.D.L. No. 799.**

United States District Court, E.D. New York.

Oct. 27, 1992.

---

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

The United States of America, by counsel, has moved this Court for an Order awarding sanctions to the United States, "for the conduct herein of opposing counsel and their client with regard to all litigation activity generated against the United States throughout their defense of the defendants and third-party plaintiffs herein, Pan American World Airways, Inc., Pan American World Services, Inc. and Alert Management Systems, Inc., pursuant to Rules 11 and 26(g), Federal Rules of Civil Procedure, Section 1927, Title 28, U.S.C., and the inherent power of this Court." Motion of Third-Party Defendant, The United States of America, for Sanctions. For the reasons set forth below, the Government's motion is denied without prejudice.

## BACKGROUND

By way of introduction to its motion, the Government alleges:

This litigation arose from the wilful misconduct of Pan American World Airways (Pan Am) which allowed a terrorist bomb to be placed aboard its Flight 103 which was destroyed over Lockerbie, Scotland, on December 21, 1988. Subsequently, this Court, the families of the victims and the United States Government have been subjected to a calculated and callous litigation strategy intended to avoid liability for the carrier's misconduct. This strategy, initiated in mid–1989, has been followed to this very day by Pan Am's counsel and their client. Until the United States was finally dismissed in April 1992, these litigants, relying upon and wilfully implementing this strategy, successfully generated inflammatory but false allegations in the media and before this Court which were intended and did, in fact, divert attention from the legitimate focus of this litigation, Pan Am's own wilful misconduct. The resulting waste of time, effort and financial resources and, indeed, attempted misdirection of the criminal investigation itself, more than warrant the substantial sanctions sought by this motion.

Memorandum of Points and Authorities in Support of Motion of Third-Party Defendant, the United States of America, for Sanctions (hereinafter "Memorandum in Support") at 1.

And by way of summary of argument the Government states:

The United States seeks sanctions for all of the litigation activity generated as a result of the false allegations made on behalf of the nominal defendants and third-party plaintiffs herein against the Government and its personnel. As briefed more fully *infra*, such sanctions are appropriate under: (1) Rules 11 and 26(g) of the Federal Rules of Civil Procedure; (2) the statutory authority of 28 USC § 1927; and (3) the inherent power of this Court. As the facts described *infra* indicate, the requirements under each of these sanctioning powers are

more than satisfied by the conduct of the Pan Am litigants in this matter. Indeed, the admission from opposing counsel which finally was made in April of 1992 that he had no evidence to support the claims against the Government, fully concedes that there was no basis for the third-party complaint or the allegations which were the purported basis for the discovery requests which he initiated more than two and a half years earlier.

The United States seeks substantial sanctions sufficient to deter future conduct of the type evidenced herein, and, specifically, for the following:

(1) Pan Am's initial subpoenas to the intelligence, military and law enforcement agencies which were based upon the false allegations in the Aviv Report;

(2) the filing of the third-party complaint which was based upon those same false allegations and the equally false allegations directed against the Drug Enforcement Administration (DEA);

(3) the opposition to the motion of the United States to dismiss the third-party complaint which was based upon further false representations that the Pan Am litigants possessed a basis for the claims in the third-party complaint;

(4) the post-filing discovery requests directed at the intelligence, military and law enforcement agencies for classified and privileged information which is completely protected by statute and under existing precedent, as to which no legitimate argument for change could reasonably be made;

(5) the submission of Freedom of Information Act (FOIA) requests to various agencies which were identical to Pan Am's civil discovery requests; and

(6) the continuous opposition to all reasonable attempts to terminate the litigation activity against the United States which was based upon the false allegations which were repeatedly reasserted without any evidence to support them.

Memorandum in Support at 2–3.

## DISCUSSION

Succinctly stated, this is an extraordinary motion in what has proved to be an extraordinary case.

■ In the first place, as indicated by the Court in the oral argument, the Government's motion is unquestionably premature. One of the arguments of Pan Am on appeal from the dismissal by this Court of its third-party complaint at the outset of the trial will be that the Court precluded Pan Am from corroborating the stories of Messrs. Aviv and Coleman by precluding it from access to or discovery of the files of various government agencies which Pan Am's counsel believes contain such corroborative evidence.

Quite apart from the prematurity of the motion, there are substantial questions whether any sanctions may properly be imposed under either 28 U.S.C. § 1927, Federal Rules of Civil Procedure 11 and 26(g), or the inherent power of this Court for any of the alleged "misconduct" on the part of Pan Am and/or its counsel.

■ Before a district court may order the imposition of sanctions under 28 U.S.C. § 1927, it must find bad faith on the part of the offending attorney. *McMahon v. Shearson/American Exp., Inc.,* 896 F.2d 17, 23 (2d Cir.1990); *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986). "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri,* 803 F.2d at 1273.

■ Similarly, the imposition of sanctions under the district court's inherent power requires a finding of bad faith. *Chambers v. Nasco, Inc.,* —— U.S. ——, ——, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). The inherent power usually is invoked when a party unnecessarily delays or disrupts the litigation, commits fraud upon the court, or wilfully disobeys a court order. *Id.* The Supreme Court in *Chambers* cautioned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." —— U.S. at ——, 111 S.Ct. at 2132.

■ Under Rules 11 and 26(g), sanctions shall be imposed against an attorney

when a pleading, motion or other paper signed and filed in federal court has been interposed for any improper purpose, or where a competent attorney could not have *reasonably believed* that the paper was well grounded in fact and was warranted by existing law. *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987) (emphasis added). In contrast with Section 1927 and the inherent power, the Rules do not require the Court, before imposing sanctions, to find bad faith on the part of the attorney who signed the paper at issue. *Cross & Cross Properties v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir.1989). However, this standard is not intended "to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Eastway*, 762 F.2d at 254. Thus, Rules 11 and 26(g) are violated only when it is "patently clear that a claim has absolutely no chance of success." *Id.* at 254.

▮ Viewing the case at bar as a whole and applying these standards, this Court may not say that there has been a clear showing of bad faith as required under 28 U.S.C. § 1927 and under the Court's inherent power. Nor may it say that the persons sought to be sanctioned under Rules 11 and 26(g) of the Federal Rules of Civil Procedure have served any papers with an improper purpose or without a reasonable belief that the paper was well grounded in fact. In *Oliveri v. Thompson*, our Court of Appeals has instructed "that in imposing Rule 11 sanctions, the Court is to avoid hindsight and resolve all doubts in favor of the signer." 803 F.2d at 1275. Parties and their attorneys, including those involved here, are entitled to base their complaints and their requests for discovery on statements of witnesses, reports of their investigators and hearsay reports and statements of others until such time, if ever, as they are satisfied that the statements and other evidence are not competent or are otherwise untrustworthy. *See Oliveri*, 803 F.2d at 1279 ("A plaintiff does not have to be prepared to meet a summary judgment motion as soon as the complaint is filed."); *Samuels v. Wilder*, 906 F.2d

272, 274 (7th Cir.1990) ("Counsel must investigate, but need not have in hand before filing enough proof to establish the case.").

Thus, in the case at bar, the defendants and their attorneys were during most of the discovery period entitled to pursue their own discovery requests on the basis of the reports and testimony of Messrs. Juval Aviv and Lester Coleman and also to formulate and serve their third-party action against the United States of America in reliance on these two witnesses and the other related information which they had obtained from other sources.

By the admission of its own lawyers and other agents, the Government has in its files substantial evidence which it claims proves the statements of Messrs. Aviv and Coleman to be false, but in order to protect its ongoing criminal investigations and cases, the Government refused during all of the pre-trial period in question herein to disclose such evidence. It ill behooves the Government now to claim that defendants and their lawyers knew or should have known that the Aviv Report and Coleman affidavit were false when they have concededly withheld information from them which prove that their report and affidavit were in fact false. *See Oliveri*, 803 F.2d at 1279 (explaining that it would be improper to sanction an attorney for bringing claims based on insufficient evidence when the relevant information was in the hands of the adversary). Nor is there truth to the Government's assertion that defendants or that their lawyers fully conceded "that there was no basis for the third-party complaint or the allegations which were the purported basis for the discovery requests." Memorandum in Support at 2. All that the defendants did concede at the outset of the trial, in this case, was that they had been unable to discover sufficient corroboration for the Aviv Report and the Coleman affidavit to withstand the Government's motion for summary judgment dismissing their third-party complaint, particularly since the Government was unwilling to disclose evidence in its own possession.

On the contrary, if anything, defense counsel James M. Shaughnessy should be commended for the concession which he did

make at the start of the trial and for not attempting to espouse directly or indirectly during the trial the uncorroborated versions put forth by Messrs. Aviv and Coleman.

As a final matter, the Court notes that the Government's motion for sanctions fails to state the authority for the issuance of sanctions with the high degree of specificity as required by our Court of Appeals in *Coltrade International, Inc. v. United States*, 973 F.2d 128 (2d Cir.1992). In *Coltrade*, the Second Circuit vacated a decision of this Court sanctioning the conduct of an attorney, even though it acknowledged in the majority opinion that based on the record, it was "abundantly clear" that the attorney's conduct "may be actionable under both Rule 11 and 28 U.S.C. § 1927." *Id.* at 132. The Second Circuit remanded the case with instructions for this Court specifically to identify each instance of sanctionable conduct and the authority for issuing sanctions in each instance. *Id.* In particular, the *Coltrade* Court found it essential that this Court identify each paper signed by counsel that is subject to Rule 11 sanctions.[1]

In the case at bar, the Government's motion papers refer to numerous acts on the part of defendants and their attorneys which the Government claims are sanctionable. However, the Government does not state with the degree of specificity required in *Coltrade* the authority under which sanctions may be imposed for each of these separate acts of defendants and their attorneys.

### CONCLUSION

In short, the Government's motion for sanctions is premature and must be and the same hereby denied without prejudice to renew following the appeal in this case.

SO ORDERED.

---

1. *Id.* Actually, as an examination of U.S. Magistrate Judge Allyne Ross' report and recommendation shows, this Court made a substantial effort to identify and relate the particular papers and conduct to the applicable Rules and statutes, but apparently not even this was sufficient to satisfy the Court of Appeals.