In re SUNCOAST AIRLINES,
INC., Debtor.

SUNCOAST AIRLINES, INC.,
Defendant/Appellant,

v.

ATKINSON & MULLEN TRAVEL,
INC., d/b/a Apple Vacations,
Plaintiff/Appellee.

No. 93–0379–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 17, 1994.

Andrew J. Nierenberg, Krongold, Bass & Todd, P.A., Coral Gables, FL, for Defendant/Appellant.

Lawrence Alan Kellogg, Tew, Garcia–Pedrosa & Beasley, Miami, Florida, for Plaintiff/Appellee.

## MEMORANDUM ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Appellant Suncoast Airlines, Inc.'s appeal from the bankruptcy court's order imposing sanctions against debtor and debtor's counsel, entered November 11, 1992. After considering the appeal, responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following memorandum order.

## I. BACKGROUND

This is an appeal of an Order of the United States Bankruptcy Court for the Southern District of Florida imposing sanctions against the Debtor, Suncoast Airlines, Inc. ("Suncoast") in the amount of $75,000 and against the Debtor's counsel, Andrew J. Nierenberg ("Nierenberg") in the amount of $2,730. Bankruptcy Court Judge A.J. Cristol imposed the sanctions following a four-day trial, on the grounds that Suncoast's case was "without substance." (Order Setting Amt. of Attny's Fees ("Sanction Order"), at p. 3). Judge Cristol imposed the sanctions pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11 and Bankruptcy Rule 9011.

Both prior to and after the filing of Suncoast's Chapter 11 petition, Suncoast provided Appellee Atkinson & Mullen Travel, Inc. d/b/a/ Apple Vacations ("Apple"), a tour operator, with air carrier services. Apple sued Suncoast to prove its contested pre-petition unsecured claim against Suncoast, and to recover monies paid by Apple into an escrow account after Suncoast filed for bankruptcy. The escrow account was intended to cover scheduled flights that Suncoast did not make. After the Complaint was filed, a default was entered against Suncoast for failure to respond. Suncoast moved to set aside the default on the grounds that it had valid defenses to Complaint. Based upon that representation, the bankruptcy court set aside the default. Suncoast thereafter filed an answer, affirmative defenses and counterclaim, seeking damages against Apple of $446,779.00. (Sanction Order, at pp. 1–2).

The case was tried before Judge Cristol over four days in March, 1989. After trial the bankruptcy court entered judgment in favor of Apple and against Suncoast.

Following the entry of judgment, Apple sought payment by Suncoast and its attorney, Nierenberg, of Apple's attorneys' fees incurred in prosecuting its complaint and defending against the counterclaim. Apple contended that: (1) there existed no justiciable issue of fact of law with respect to Suncoast's defenses and counterclaim; (2) Suncoast and its attorney filed Suncoast's answer and counterclaim to harm, cause delay and to increase the costs of the lawsuit; and (3) Suncoast's attorney unreasonably and vexatiously multiplied the proceedings through his dilatory conduct. (Sanction Order, at p. 2).

Judge Cristol considered the evidence presented by Apple and the conduct of its attorney Nierenberg and concluded that sanctions were warranted. First, the bankruptcy court found that Suncoast's first witness expressly waived most of Suncoast's affirmative defenses relating to purported pre-bankruptcy breaches of contract by Apple. The pleading of these affirmative defenses had prompted the bankruptcy court to vacate the default judgment against Suncoast. Second, the bankruptcy court found that Suncoast made no attempt to prove other claims, such as its alleged consequential damages relating to the airline's operations in Mexico. Overall, the bankruptcy court concluded that the goal of Suncoast and its counsel was to interpose meritless claims and defenses solely for the improper purpose of making the cost of litigation to Apple so expensive as to cause it to abandon its claim. (Sanction Order, at pp. 3–5). The bankruptcy court found:

The Suncoast case ... was without substance and consisted of nit-picking about inconsequential matters, in an apparent attempt to use hindsight to explain events which were clearly understood at the time of their occurrence. Most if not all of Suncoast's purported objections to the relationship with Apple came only after the litigation commenced and, in some instances perhaps, only after trial began. The Court can only characterize the proposed

defenses and counterclaim of Suncoast as sheer legerdemain[1].

(Sanction Order, at p. 3).

On November 11, 1992, the bankruptcy court imposed a sanction against Suncoast, pursuant to Fed.R.Civ.P. 11 and Bankruptcy Rule 9011, in the amount of $75,000, to cover Apple's attorneys' fees reasonably incurred in defending against Suncoast's claims and defenses. The bankruptcy court also imposed a separate sanction in the amount of $2,730 against Suncoast's attorney Nierenberg under 28 U.S.C. § 1927 and Bankruptcy Rule 9011, because the court found Nierenberg "vexatiously multiplied the proceedings through dilatory tactics and cross examination relating to claims that his client ultimately abandoned." (Sanction Order, at p. 4).

The Notice of Appeal was duly filed on November 23, 1992 and this appeal perfected.

## II. ANALYSIS

### A. STANDARD OF REVIEW

■ The determination of a trial court to award sanctions under 28 U.S.C. § 1927, Fed.R.Civ.P. 11 and Bankruptcy Rule 9011, is reviewed under an abuse of discretion standard. *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir.1990); *Regensteiner Printing Co. v. Graphic Color Corp.*, 142 B.R. 815, 818 (N.D.Ill.1992).

■ As a preliminary matter, Apple asks this Court to dismiss Suncoast's appeal based upon its failure to cite to specific parts of the record for each of its factual assertions as required by Bankruptcy Rule 8010(a)(1)(E). When an Appellant does not cite to the record in support of assertions of fact, the appeal is subject to dismissal for failure to comply with Fed.R.App.P. 28(a)(3).[2] *Mitchel v. General Elec. Co.*, 689 F.2d 877, 879 (9th Cir.1982); *United State v. Partin*,

552 F.2d 621, 633 n. 14 (5th Cir.1977), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977).[3]

The Court has reviewed the Appellant's Brief and finds that although Suncoast does not cite to specific pages in the record, as required by B.R. 8010(a)(1)(E), it has attached the pertinent portions of the record to its brief. The citations in the brief are far from pinpoint (for example Suncoast makes reference to "APPENDIX A," where the entire Complaint appears), but in the interests of reaching the merits of the appeal, the Court finds the Appellant's citations are sufficient to withstand Apple's Motion to Dismiss.

### B. BANKRUPTCY RULE 9011

#### 1. $2,750 SANCTION AGAINST DEBTOR'S COUNSEL

■ Bankruptcy Rule 9011 requires that every petition or pleading filed by a party represented by an attorney must be signed by the attorney in his individual name. The Rule authorizes bankruptcy courts to assess reasonable costs and attorneys fees against any attorney who signs his name to papers filed with the court if such papers were filed for improper purposes. *In re Century Tile and Marble, Inc.*, 152 B.R. 688, 689 (Bankr. S.D.Fla.1993). The Rule provides:

> The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of the attorney's or party's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation or administration of the case.

---

1. Webster's Third New International Dictionary defines legerdemain as "sleight of hand." Webster's, at p. 1291.

2. Because B.R. 8010 is derived from Fed. R.App.P. 28, see 11 U.S.C.A. Rule 8010 Advisory Committee Note (1984), the proper procedure is for this Court to turn to Circuit Court jurisprudence for guidance on appellate procedure. *Nicoladze v. Lawler*, 86 B.R. 69, 73 (N.D.Tex.1988).

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the 11th Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

B.R. 9011(a) (1991). Bankruptcy courts have applied Rule 9011 to rectify harm caused by litigants who abuse the legal system. For example, in *In re McIntyre*, 96 B.R. 65 (Bankr.S.D.Miss.1988) the court awarded attorneys' fees as a penalty against a debtor who asserted a counterclaim for the improper purpose of harassing the creditor and delaying the proceedings. 96 B.R. at 68. In *In re Medical One, Inc.*, 79 B.R. 64 (Bankr. M.D.Fla.1987), the court awarded attorneys' fees caused by the debtor's wrongful objection to a creditor's claim because:

> [it] was neither well grounded in fact nor was it tenable legally and was clearly interposed solely for an improper purpose, specifically to cause the creditors to relinquish their valid and enforceable claims rather than pay the cost of the litigation . . .

79 B.R. at 65.

Bankruptcy Rule 9011 tracks the language of Fed.R.Civ.P. 11, thus cases interpreting Rule 11 also guide the application of Bankruptcy Rule 9011. *In re Cauthen*, 152 B.R. 149, 154 (Bankr.S.D.Tex.1993); *In re Rainbow Magazine, Inc.*, 136 B.R. 545 (9th Cir. BAP 1992).

In the most recent case discussing the test to apply when considering the imposition of Rule 11 sanctions, the U.S. Court of Appeals for the Eleventh Circuit held that the moving party must show that the pleading "had no reasonable legal basis, had no reasonable factual basis, or was filed for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089 (11th Cir.1994).

As discussed *supra*, Bankruptcy Judge Cristol found that the answer, affirmative defenses and counterclaim asserted by Suncoast completely lacked legal and factual merit and were asserted for the improper purpose of driving up Apple's litigation costs in the hope of convincing Apple to drop its claim. Judge Cristol based this conclusion on the conduct of Suncoast's attorney Nierenberg at trial:

> In this case, Mr. Nierenberg conducted a seemingly endless, but clearly pointless and irrelevant cross examination of Apple's witnesses that, standing alone, was itself unreasonable and vexatious. However, the truly egregious nature of his conduct became apparent when Suncoast's principal witness, its president and Chief Executive Officer, proceeded to waive in open court the very issues to which counsel's pointless cross examination was putatively directed.

(Sanction Order, at p. 5).

On appeal, Suncoast bears the burden of demonstrating that the bankruptcy court's imposition of Bankruptcy Rule 9011 sanctions was an abuse of discretion. *Samuels*, 906 F.2d at 275; *Regensteiner Printing*, 142 B.R. at 818; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (appellate courts should give great deference to the decision of courts on the "front lines" of litigation to impose Rule 11 sanctions in order to free appellate courts from reweighing evidence and reconsidering facts already weighed and considered by the trial court). *Id.* at 403–05, 110 S.Ct. at 2460.

To support its contention that its answer, affirmative defenses and counterclaim were not meritless, Suncoast first points to their length. "The counterclaim in this case consists of 15 sequentially numbered paragraphs covering approximately 4 pages. Suncoast filed 15 separate Affirmative Defenses, a significant number of which were highly factual." (Appellee's Brief, at pp. 17–18). Second, Suncoast highlights the length of the trial and number of Defendant's trial exhibits as "evidence that the Defendant presented substantial testimonial and documentary evidence upon its defenses and its counterclaims." (Appellee's Brief, at p. 18).

The Court finds that Suncoast has not met its burden of proving that the bankruptcy court's imposition of sanctions was an abuse of its discretion. Nothing in Bankruptcy Rule 9011 or Fed.R.Civ.P. 11 or the cases interpreting them, indicate that the quantity of a pleading can make up for its lack of quality. Accordingly, the bankruptcy court's imposition of $2,750 in sanctions against Suncoast's attorney is hereby AFFIRMED.

Having concluded that the imposition of this sanction was not an abuse of discretion under Bankruptcy Rule 9011, the Court does not have to address the question of whether

the bankruptcy court possessed the right to impose these sanctions pursuant to 28 U.S.C. § 1927 because the bankruptcy court based its imposition of sanctions on 28 U.S.C. § 1927, or in the alternative, Bankruptcy Rule 9011.

### 2. $75,000 ATTORNEY FEE SANCTION AGAINST DEBTOR

For the reasons discussed *supra*, the Court finds that the Appellee has failed to present sufficient evidence to prove that the bankruptcy court abused its discretion when it imposed a fine of $75,000 against Suncoast pursuant to Fed.R.Civ.P. 11 and Bankruptcy Rule 9011 to cover the cost of Apple's attorney's fees. Such a sanction is appropriate when a party in bankruptcy court files plead-ings that are not grounded in law and fact. *See In re Century Tile and Marble*, 152 B.R. at 689.

Accordingly, the bankruptcy court's imposition of $75,000 sanction against Suncoast is hereby AFFIRMED.

This case is CLOSED. Any pending motions are hereby DENIED AS MOOT.

DONE AND ORDERED.