**In re Ava PARSONS a/k/a Ava Kyle–Parsons, Debtor.**

**AT & T UNIVERSAL CARD SERVICES CORP., Plaintiff,**

**v.**

**Ava (Kyle) PARSONS, Defendant.**

**Bankruptcy No. 96–15590–9P7.**

**Adversary No. 97–179.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 4, 1998.

Gary Lublin, Orlando, FL, for Plaintiff.

Thomas S. Heidkamp, Ft. Myers, FL, for Defendant.

**ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO 11 U.S.C. § 523(d)**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Attorney Fees and Cost Pursuant to 11 U.S.C. § 523(d) filed by Ava (Kyle) Parsons (Debtor) in the above-captioned adversary pro-

ceeding. In addition to seeking attorney's fees and costs against AT & T Universal Card Services Corp. (AT & T) pursuant to 11 U.S.C. § 523(d), the Debtor also seeks to recover attorneys fees and costs pursuant to the contract and Section 57.105(1) and (2), *Florida Statutes.* The Court reviewed the Motion and the record, heard argument of counsel and finds as follows:

In 1995, AT & T extended an invitation to the Debtor to take advantage of a pre-approved Gold AT & T Universal Mastercard with an approved credit line of $10,000.00. On November 15, 1995, the Debtor was advised by AT & T that she was approved for a Universal Mastercard, with a credit limit of $5,000.00. The letter informed the Debtor that the reason she did not receive the $10,-000.00 credit limit indicated in the first offer was because her credit report indicated excessive revolving credit utilization.

On January 8, 1996, the Debtor received an additional communication from AT & T, indicating that the Debtor apparently applied for another credit card for which she was turned down because she already had an AT & T card. The communication restated that the credit report indicated excessive revolving credit utilization. Between January 13, 1996 and May 13, 1996 the Debtor used the Mastercard issued by AT & T with a credit limit of $5,000.00, obtaining seven cash advances and making twenty-seven separate purchases. By May 13, 1996 the credit limit was totally exhausted. The Debtor made only one payment of $173.00, and had not made any payments at all since March, 1996.

On November 13, 1996, the Debtor filed her voluntary Petition for Relief under Chapter 7. On Schedule B, the Debtor scheduled claims in the total amount of $101,212.76, secured by her principal residence; two vehicles; the pledge of her shares in a profit sharing plan; a computer; and some miscellaneous household items. On Schedule F, the Debtor scheduled unsecured obligations in excess of $71,000.00. Out of twenty-four unsecured creditors, eighteen represent credit card companies. Schedules I and J reflect that the Debtor's current disposable monthly income is $3,413.28, versus monthly expenses in the amount of $4,536.89. Thus, the Schedules indicate a shortfall of $1,123.61 per month, without allocating any amount to service the credit card obligations.

Based upon the information in the Schedules and without first attending the Meeting of Creditors or requesting a Rule 2004 examination, on February 18, 1997, AT & T filed a Complaint seeking a determination that the debt owed to AT & T by the Debtor in the amount of $5,193.04 is nondischargeable as a result of actual fraud, pursuant to 11 U.S.C. § 523(a)(2)(A). The claim of nondischargeability is based on allegations that the Debtor never intended to meet her obligations incurred by her use of the credit card issued by AT & T, and that although in January 1996 the credit card account had no available credit, the Debtor began a systematic withdrawal of amounts in excess of the authorized credit line.

On September 8, 1997, the parties filed a Motion for Approval of Joint Stipulation of Dismissal. On October 23, 1997, this Court entered an Order granting the Motion and dismissed the adversary proceeding. This Court retained jurisdiction to consider any claim for attorney fees and costs pursuant to 11 U.S.C. § 523(d). On November 12, 1997, the Defendant filed the Motion for Attorney Fees and Costs presently under consideration.

In her Motion, the Defendant contends that AT & T did not contact the Debtor to determine if the Defendant had a specific intent to defraud AT & T; that AT & T did not perform any type of investigation; that AT & T knew that the Debtor had excessive revolving credit utilization; that it did not conduct a Rule 2004 examination; and that AT & T was not justified in filing the complaint because AT & T knew the Debtor was a credit risk at the time it issued the credit card to the Debtor.

■ Section 523(d) of the Bankruptcy Code provides,

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee

for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Upon agreeing to the voluntary dismissal, the burden falls on AT & T to prove that it was substantially justified in filing its complaint under 11 U.S.C. § 523(a)(2)(A). *In re Chinchilla*, 202 B.R. 1010 (Bankr.S.D.Fla. 1996). To prove substantial justification in bringing an action under 11 U.S.C. § 523(a)(2)(A), a creditor must prove that the debtor committed "actual fraud". *Id.* at 1013, citing *Anastas v. American Savings Bank (In Re Anastas)*, 94 F.3d 1280, 1283 (9th Cir.1996). If the creditor cannot prove actual fraud, then the creditor will be responsible under Section 523(d) for attorney's fees and expenses.

In *Chinchilla, supra*, the creditor, also AT & T, in commencing a nondischargeability action against the debtor, relied almost solely on the debtor's dilapidated financial condition as gleaned from the income and debts listed in the debtor's Schedules. AT & T failed to attend the Section 341 meeting of creditors, conduct a Rule 2004 examination of the debtor or make any other type of pre-filing investigation. The court stated, "The debtor's financial condition is relevant, but is not enough standing alone, nor is it the primary focus, when the inquiry is into the intent to repay and not the ability to repay." *Id.* at 1015. Thus, the court found that AT & T was not substantially justified in bringing the claim under 11 U.S.C. § 523(a)(2)(A), and ordered AT & T to pay the debtor's attorney's fees and costs.

■ The facts in *Chinchilla* appear to be almost identical to the facts before this court in the instant adversary proceeding. Here, AT & T voluntarily dismissed the adversary proceeding. AT & T failed to attend the Section 341 meeting of creditors, failed to conduct a Rule 2004 examination and failed to engage in any type of pre-filing investigation of the Debtor other than looking at the Debtor's Schedules. Further, AT & T knew that the Debtor had excessive revolving credit prior to issuing the credit card. Therefore, this court finds that AT & T was not reasonably justified in bringing the claim for fraud under 11 U.S.C. § 523(a)(2)(A) and, therefore, should be ordered to pay attorney's fees and costs under 11 U.S.C. § 523(d).

■ Defendant's counsel seeks attorney's fees in the amount of $6,823 .50 plus costs in the amount of $119.46. This Court finds that in light of the fact that Defendant's counsel was defending against a nondischargeability claim for a $5,193.04 debt, an attorney's fee in the amount of $6,823.50 is unreasonable. In addition, deductions must be made for 1.2 hours or $180.00 for work that should have been performed by a secretary; 5.0 hours or $750.00 for legal research regarding other fee awards against AT & T; 1.3 hours or $195.00 for reviewing thirteen notices; and .8 or $52.00 in secretarial time. In addition, counsel spent ten hours or $1,500.00 in connection with preparing discovery requests. The allowable amount should be reduced to three hours or $450.00. Finally, three hours or $450.00 was charged for legal research under 11 U.S.C. § 523 after this Court entered its Order approving the stipulation for dismissal. This Court finds that the amount of $2,677.00 should be deducted from the amount requested for fees and that a reasonable attorney's fee is $4,146.50. With respect to costs, this Court finds that $13.00 for facsimile charges and $58.23 in photocopies should be deducted from the costs since it is impossible to determine the cost per page for these charges.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Attorney Fees and Costs Pursuant to 11 U.S.C. § 523(d) be, and the same is hereby granted. Defendant is hereby awarded reasonable attorney's fees in the amount of $4,146.50 and reasonable expenses in the amount of $61.23, for a total amount of $4,207.73. Plaintiff is hereby directed to pay the amount of $4,207.73 to Debtor's counsel within twenty days of the date of this Order.