In re Donald J. JEFFARES and Susan H. Jeffares, Debtors.

CHEVY CHASE FEDERAL SAVINGS BANK, Plaintiff,

v.

Donald J. JEFFARES, Defendant.

Bankruptcy No. 89–5906–8P7.
Adv. No. 89–609.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 12, 1990.

Andrew S. Forman, Tampa, Fla., for plaintiff.

Jeffrey W. Warren, Tampa, Fla., for defendant.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a Motion for Award of Attorneys' Fees and Costs pursuant to § 523(d) of the Bankruptcy Code. The Motion is filed by Donald J. Jeffares (Debtor) in the above-captioned Chapter 7 case, who was named as the Defendant in the above-captioned adversary proceeding filed by Chevy Chase Federal Savings Bank (Credit Union). The Court has considered the Motion, together with the record, and finds that the Motion is well taken and should be granted for the following reasons:

On August 21, 1989, the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On November 27, 1989, Chevy Chase Federal Savings Bank (Plaintiff) filed a Complaint pursuant to 11 U.S.C. § 523(a)(2)(A) and (B) and sought a determination of the dischargeability of a credit card debt owed by the Debtors to the Plaintiff. On April 20, 1990, this Court resolved this adversary proceeding in favor of the Debtors and against the Plaintiff by granting the Debtor's Motion for Summary Judgment and thereby determining the debt was dischargeable.

The Motion presently under consideration is based on 11 U.S.C. § 523(d) and is filed by the Debtor who claims that the Plaintiff was not substantially justified in its position that the Debtors' obligation to it should be determined to be nondischargeable. In due course, this Court scheduled a final evidentiary hearing to resolve the limited factual issue of whether the Debtors' credit card debt was a consumer debt, thereby justifying an award of attorneys' fees pursuant to 11 U.S.C. § 523(d). This Section provides in pertinent part:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this Section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified,....

As set forth in the legislative history to this Section,

[§ 523(d)] provides protection to a consumer debtor that dealt honestly with a creditor who sought to have a debt excepted from discharge on grounds of falsity in the incurring of the debt. The debtor is entitled to costs of and a rea-

sonable attorney's fee for the proceeding to determine the dischargeability of a debt under subsection (a)(2), if the creditor initiated the proceeding and the debt was determined to be dischargeable. The court is permitted to award any actual pecuniary loss that the debtor may have suffered as a result of the proceeding (such as loss of a day's pay). The purpose of the provision is to discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start.

H.R. No. 95–595, 95th Cong., 1st Sess., 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6321.

▪ A consumer debt is defined in 11 U.S.C. § 101(7) as a "debt incurred by an individual primarily for a personal, family or household purpose." It is clear from the evidence adduced at the hearing that the debt in question is in fact in the nature of a consumer debt. The funds obtained from the Plaintiff by the Debtor were used by the Debtor to pay utility bills, to pay mortgage payments, and to purchase food, lodging and other miscellaneous items of a consumer nature, all of which are clearly payments of consumer needs. (Debtors' Exh. 1–6). The "purpose" of the debt was personal in nature and thus qualifies as consumer debt.

▪ Based on the foregoing, this Court is satisfied that the Complaint filed by the Plaintiff was baseless and without substantial justification, especially in light of the fact that the Plaintiff could have without doubt ascertained that it had no .viable claim of nondischargeability. Therefore, the Debtor's Motion should be granted, and in accordance with 11 U.S.C. § 523(d), the Debtor should be entitled to an award of the sum of $2,000.00 indemnifying the Plaintiff as reimbursement for his reasonable costs to defend this adversary proceeding incurred by him in this matter.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Award of Attorney's Fees and Costs filed by the Debtor be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff is hereby directed to remit the sum of $2,000.00 to the Debtor within fifteen (15) days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that in the event the Plaintiff fails to make payment to the Debtor as required by this Order, this Court will take further action to enforce the terms of this Order.

DONE AND ORDERED.