**In re Jeannine Erin WILLIAMS, a/k/a Jeannine Weiss, Debtor.**

**AT & T UNIVERSAL CARD SERVICES CORP., Plaintiff,**

v.

**Jeannine Erin WILLIAMS, a/k/a Jeannine Weiss, Defendant.**

**Bankruptcy No. 96–23802.
Adversary No. 97–2044.**

United States Bankruptcy Court, D. Connecticut.

Feb. 17, 1998.

Andrew K. Brotmann, Brotmann & Freedman, White Plains, NY, for Plaintiff.

Donna J. Brooks, Dixon & Brooks, P.C., Winsted, CT, for Debtor–Defendant.

*RULING AND ORDER ON DEBTOR'S MOTION FOR ATTORNEY'S FEES*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

In this matter, Jeannine Erin Williams ("the debtor") has moved for an award of $4,020.00 for attorney's fees pursuant to Bankruptcy Code § 523(d),[1] having prevailed in an action brought against her by AT & T Universal Card Services Corp. ("the plaintiff") to determine the dischargeability of a consumer credit card debt. *See AT&T Universal Card Servs. Corp. v. Williams (In re Williams)*, 214 B.R. 433 (Bankr.D.Conn.1997) (when debtor filed a bankruptcy petition eight months after taking $2,900 in cash advances on her credit card and debtor filed petition only after learning of her liability as cosignor on her former husband's substantial debt, credit card debt did not come within fraud discharge exception in Code § 523(a)(2)(A)).

The plaintiff opposes such an award, arguing that its position in the adversary proceeding was "substantially justified."[2] Because the court concludes that the plaintiff's position in the adversary proceeding was not substantially justified and that the amount of the attorney's fees is reasonable,[3] the debtor's motion will be granted.

### II.

Based on the uncontroverted evidence that the debtor presented during the trial phase, the plaintiff should have foreseen that the court would determine that the debtor's $2,900 credit card obligation was dischargeable. *See Williams*, 214 B.R. at 435–36. That is, had the debtor moved for summary judgment pretrial, there would have been no genuine issues as to any material facts and the debtor would have been entitled to judgment as a matter of law. The debtor had submitted essentially all of her oral and documentary evidence to the plaintiff well before the trial. *See Debtor's Exhs.* 1–4. In addition, the debtor's attorney had notified the plaintiff before the complaint was filed that there was no basis for liability. *See Plaintiff's Exhs.* A, B. At trial, the plaintiff presented no evidence to contradict any of the debtor's evidence.

Although the debtor appeared at the creditors' meeting, conducted pursuant to Code § 341, the plaintiff neither attended the meeting nor conducted an examination pursuant to Fed.R.Bankr.P. 2004 to inquire as to the debtor's position on any matter that the plaintiff wished to explore. Furthermore, this court noted in its previous ruling that the case authorities the plaintiff relied upon in its post-trial brief to support its nondischargeability claim bore no resemblance to the facts of the instant matter. *See Williams*, 214 B.R. at 436.

▮ Judge Dabrowski, in his recent comprehensive opinion *Peoples Bank v. Poirier (In re Poirier)*, 214 B.R. 53 (Bankr. D.Conn.1997), established that under § 523(d) a plaintiff has the burden of proving "substantial justification," which phrase means "justified to a degree that could satis-

---

**1.** Section 523(d) provides:

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorneys fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if

special circumstances would make the award unjust.

11 U.S.C. § 523(d).

**2.** The plaintiff does not rely on any "special circumstances" to make an otherwise proper award "unjust."

**3.** The plaintiff makes no argument as to the reasonableness of the claimed legal fees, assuming they are found payable.

fy a reasonable person." *See Poirier,* 214 B.R. at 57. The plaintiff simply proffers that a reasonable person would have seen the facts the plaintiff possessed prior to filing and while prosecuting the complaint in the same way the plaintiff perceived them. *See Objection To Motion For Attorney's Fees.* The court disagrees and concludes that a reasonable creditor in the plaintiff's shoes would not have litigated with the debtor and that the plaintiff was not substantially justified in so proceeding. The court need not find that the plaintiff acted in bad faith or frivolously—only that the plaintiff proceeded past a point where it knew, or should have known, that it could not carry its burden of proof. *See American Savings Bank v. Harvey (In re Harvey),* 172 B.R. 314, 318–19 (9th Cir. BAP 1994).

■ To deny the debtor her attorneys fees in this matter would be contrary to the Congressional intent, both in enacting the original version of § 523(d), *see Beneficial Finance Co. of Connecticut v. Majewski (In re Majewski),* 7 B.R. 904 (Bankr.D.Conn.1981), and in amending the statute in 1984. *See Poirier,* 214 B.R. at 55. That intent was to protect honest consumer debtors from creditors prosecuting actions in the hope of obtaining a settlement from a debtor anxious to save attorney's fees.

### III.

The debtor is awarded reasonable legal fees in the amount of $4,020.00, payable by the plaintiff. It is

SO ORDERED.