224 B.R. 523 (1998)
In re Jeannine Erin WILLIAMS, Debtor.
AT & T UNIVERSAL CARD SERVICES CORP., Plaintiff-Appellant,
v.
Jeannine Erin WILLIAMS, Defendant-Appellee.
BAP No. 98-50012, Bankruptcy No. 96-23802, Adversary No. 97-2044.
United States Bankruptcy Appellate Panel of the Second Circuit.
Argued July 24, 1998.
Decided September 24, 1998.
*524 *525 *526 Brotmann & Freedman by Andrew K. Brotmann, White Plains, NY, for plaintiff-appellant.
Dixon & Brooks, P.C. by Donna J. Brooks, Winsted, CT, for defendant-appellee.
Before CONRAD, NINFO II, and GALLET, Bankruptcy Judges.

OPINION
GALLET, Bankruptcy Judge.
AT & T Universal Card Services Corp. ("AT & T") appeals[1] the Bankruptcy Court's Ruling and Order awarding Jeannine Williams (the "Debtor") legal fees of $4,020.00 pursuant to § 523(d) of the Bankruptcy Code.[2] We affirm.

FACTS
On June 7, 1993, Debtor and her then husband, Robert Weiss ("Weiss"), accepted AT & T's unsolicited offer for pre-approved credit of $4,000. They already had several other credit cards. By November 1, 1996, when she filed her petition under chapter 7 of the Bankruptcy Code, Debtor owed AT & T $4,516.79, including accrued interest.
1996 was a bad year for the Debtor. She lost her job as a factory worker in January. In February, she and Weiss separated and she was hospitalized for one week after a failed suicide attempt. Before their separation, Weiss controlled the couple's finances.
During March, she attended an outpatient program that required her attendance Monday through Friday, from 9:00 a.m. to 3:00 p.m. As a result, she was unable to work. Her only source of income was her unemployment compensation.
On February 1 and 2, 1996, Debtor drew cash advances from AT & T of $200 and $300, respectively, for food, clothing, diapers and formula for her child. During that month, Debtor made two purchases with the AT & T credit card totaling $97.56. She also made a $25 payment.
On March 6, 1996, Debtor drew a $2,400 cash advance from AT & T. She testified at trial that she took the advance in fear that Weiss would stop paying her bills and she would "end up on the street." She stored the cash in her dresser drawer and eventually spent it on gas, food, day care and other living expenses.
Once discharged from the outpatient program, Debtor enrolled in a six-week nurse's aide training program. After obtaining her certificate, she found employment at the end of June 1996. Once employed, Debtor made payments on other credit accounts, but not to AT & T.
*527 In late June or July 1996, Debtor learned that Weiss intended to file for bankruptcy under chapter 7. At Weiss' urging, she accompanied him to consult with an attorney. Both Debtor and Weiss testified that she did not intend to file bankruptcy, and only attended the meeting for information. The attorney's intake form corroborates this testimony. Debtor testified that she did not want to file because she "wanted to be responsible for her own bills." Debtor's July 26 letter to her lawyer repeated her desire not to file bankruptcy.
However, she acknowledged that if she were liable on Weiss' substantial debts, she would file. Debtor later learned that she was jointly liable with Weiss and filed bankruptcy on November 1, 1996.
AT & T sued to declare that Debtor's debt of $4,516.79 was non-dischargeable pursuant to § 523(a)(2)(A) of the Code as fraudulently obtained. After trial, the Bankruptcy Court entered judgment for the Debtor discharging the debt. See AT & T Universal Card Servs. v. Williams (In re Williams), 214 B.R. 433 (Bankr.D.Conn.1997). AT & T did not appeal.
Debtor, in her pre-trial brief, but not in her pleadings, requested a judgment for costs and attorneys' fees pursuant to § 523(d) of the Code. AT & T did not respond. The Bankruptcy Court did not rule on Williams' request but allowed her to move for legal fees, supported by an affidavit itemizing fees and costs, within three weeks of the discharge decision.[3]
On February 17, 1998, the court issued a separate "Ruling and Order" finding that AT & T was not "substantially justified" in prosecuting its suit against Debtor and awarded her $4,020 in attorneys' fees. See AT & T Universal Card Servs. v. Williams (In re Williams), 217 B.R. 387, 389 (Bankr.D.Conn. 1998). AT & T appeals the award of attorneys' fees.

STANDARD OF REVIEW
The first question before us is what standard of review to apply to this appeal. AT & T did not address this question. Debtor asserted that the standard is "clearly erroneous" under Fed.R.Bankr.P. 8013 and argued that AT & T seeks a de novo review. In reply, AT & T denied that it seeks a de novo review of the Bankruptcy Court's decision, but did not address what standard of review we should employ. Rather, AT & T merely stated:
[t]here [sic] mere fact that Plaintiff lost at trial does not necessarily mean that Plaintiff was not substantially justified in commencing its action to begin with. What Plaintiff is appealing is Judge Krechevsky's determination that Plaintiff was not at least substantially justified in commencing and maintaining this action.
Plaintiff's Reply Brief at 5.
The proper standard was enunciated by the Supreme Court in Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). It reviewed the term "substantially justified" in the context of a fee award under the Equal Access to Justice Act ("EAJA") and, by a six to two vote,[4] ruled that an "abuse of discretion" standard was the appropriate form of review. Id. at 557-63, 108 S.Ct. 2541. "Application of an abuse of discretion standard . . . will permit . . . needed flexibility." Id. at 562, 108 S.Ct. 2541. The Court, in sum, stated:
although as we acknowledged at the outset our resolution of this issue is not rigorously *528 scientific, we are satisfied that the text of the statute permits, and sound judicial administration counsels, deferential review of a district court's decision regarding attorney's fees under the EAJA. In addition to furthering the goals we have described, it will implement our view that a "request for attorney's fees should not result in a second major litigation."
Id. at 563, 108 S.Ct. 2541. The "abuse of discretion" standard is appropriate because "some of the elements that bear upon whether the [creditor's] position `was substantially justified' may be known only to the [bankruptcy court]."[5]United States v. $19,047.00 in U.S. Currency, 95 F.3d 248, 251 (2d Cir. 1996) (quoting Pierce, 487 U.S. at 560, 108 S.Ct. 2541). After Pierce, every circuit adopted the "abuse of discretion" standard for review of awards of attorneys' fees under the EAJA. See United States Dep't of Labor v. Rapid Robert's Inc., 130 F.3d 345 (8th Cir.1997); United States v. Jones, 125 F.3d 1418 (11th Cir.1997); Meinhold v. United States Dep't of Defense, 123 F.3d 1275, amended by, 131 F.3d 842 (9th Cir.1997); Masonry Masters, Inc. v. Nelson, 105 F.3d 708 (D.C.Cir.1997); Damron v. Commissioner of Soc. Sec., 104 F.3d 853 (6th Cir.1997); Reich v. Walter W. King Plumbing & Heating Contractor, Inc., 98 F.3d 147 (4th Cir. 1996); United States v. $19,047.00 in U.S. Currency, 95 F.3d 248 (2d Cir.1996); Jackson v. Chater, 94 F.3d 274 (7th Cir.1996); Squires-Allman v. Callahan, 117 F.3d 918 (5th Cir.1997); Gilbert v. Shalala, 45 F.3d 1391 (10th Cir.), cert. denied, 516 U.S. 806, 116 S.Ct. 49, 133 L.Ed.2d 14 (1995); Hanover Potato Prods., Inc., v. Shalala, 989 F.2d 123 (3d Cir.1993); Paris v. United States Dep't of Housing & Urban Dev., 988 F.2d 236 (1st Cir.1993); Neal & Co., Inc. v. United States, 121 F.3d 683 (Fed.Cir.1997).
Code § 523(d) was modeled after the EAJA. Indeed, the texts of the two statutes are similar. The relevant portion of the Equal Access to Justice Act provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an unjust award.

28 U.S.C. § 2412(d)(1)(A) (West 1994 & Supp.1998) (emphasis added). The counterpart in § 523(d) provides:
If a creditor requests a determination of dischargeability of a consumer debt under section (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d) (West 1993) (emphasis added).
Several courts have found that the correct review of an award of attorneys' fees under § 523(d) of the Code is to follow the EAJA and review under an "abuse of discretion" standard. See In re Hingson, 954 F.2d 428 (7th Cir.1992); AT & T Universal Card Servs. v. Duplante (In re Duplante), 215 B.R. 444 (9th Cir. BAP 1997); Evans v. Dunston *529 (In re Dunston), 146 B.R. 269 (D.Colo.1992) (without relying on Pierce, the district court stated "[i]n federal courts, the award of costs is reviewed under an abuse of discretion standard."); AT & T Universal Card Servs. Corp. v. McIvor, No. Civ. 97-4734, 1997 WL 749425 (E.D.Pa. Dec. 4, 1997); AT & T Universal Card Serv. Inc. v. Kennedy (In re Kennedy), No. Civ. 94-1157, 1994 WL 721508 (D.Kan. Dec. 27, 1994).
We note that some courts have applied different standards of review to § 523(d). See American Express Travel Related Servs. Co., Inc. v. Baker, 213 B.R. 834, 836 (N.D.Ill. 1997) (reviewing award of attorneys' fees de novo as a conclusion of law); American Express Travel Related Servs. Co., Inc. v. Christensen (In re Christensen), 193 B.R. 863 (N.D.Ill.1996) (applying clearly erroneous standard); Carthage Bank v. Kirkland, 121 B.R. 496, 499 (S.D.Miss.1990) (in reviewing an award of fees under § 523(d), the appellate court "must accept [the bankruptcy court's] findings of fact, including credibility determinations, unless clearly erroneous. However, this Court must independently determine the correctness of the conclusions of law of the lower court.") (citations omitted).
It was Congress' intent that determination of § 523(d) awards be based upon the EAJA standard. See AT & T Universal Card Serv. Corp. v. Kennedy (In re Kennedy), No. Civ. 94-1157, 1994 WL 721508, at *4 (D.Kan. Dec. 27, 1994) (citations omitted). The Senate Report to § 523(d) specifically states:
The Committee, after due consideration, has concluded that amendment to this provision to incorporate the standard for award of attorney's fees contained in the Equal Access to Justice Act strikes the appropriate balance between protecting the debtor from unreasonable challenges to dischargeability of debts and not deterring creditors from making challenges when it is reasonable to do so.
S.Rep. No. 65, 98th Cong., 1st Sess. 9-10 (1983).
We believe the correct standard to be an "abuse of discretion." A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir.1998); Blaise v. Wolinsky (In re Blaise), 219 B.R. 946, 950 (2d Cir. BAP 1998). A court abuses its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors. See In re Blaise, 219 B.R. at 950; Tong Seae (U.S.A.) v. Edmar Corp. (In re Tong Seae (U.S.A.), Inc.), 81 B.R. 593, 597 (9th Cir. BAP 1988).

DISCUSSION
A. Burden of Proof
Under § 523(d), the debtor must prove that a creditor unsuccessfully sued for the discharge of a consumer debt. See 11 U.S.C. § 523(d). Then, the burden shifts to the creditor to show that its position was "substantially justified." Phillips v. Napier (In re Napier), 205 B.R. 900, 908 (Bankr. N.D.Ill.1997) (citing FCC Nat'l Bank v. Dobbins, 151 B.R. 509, 511 (W.D.Mo.1992)). Here, the Debtor met its burden and the only issue is whether the bankruptcy court abused its discretion in awarding Debtor attorneys' fees by finding that AT & T was not "substantially justified" prosecuting its adversary proceeding against the Debtor.
B. Fee Awards
By way of background, the American rule is that parties pay their own attorneys' fees, absent other statutory direction. See Key Tronic Corp. v. United States, 511 U.S. 809, 814-15, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994); Alyeska Pipeline Svc. Co. v. Wilderness Soc., 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). By § 523(d) of the Code, Congress authorized a fee award to a successful debtor/defendant. Congress designed the section to "discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorneys' fees." First Card v. Carolan (In re Carolan), 204 B.R. 980, 987 (9th Cir. BAP 1996). That concern "must be balanced *530 against the risk that imposing the expense of the debtor's attorney's fees and costs on the creditor may chill creditor efforts to have debts that were procured through fraud declared nondischargeable." Id.
C. Temporal Measure of "Substantially Justified"
We first turn to the question of when must the creditor be substantially justified in prosecuting its discharge action? The court below wrote that it "need not find that the plaintiff acted in bad faith or frivolously  only that the plaintiff proceeded past a point where it knew, or should have known, that it could not carry its burden of proof." In re Williams, 217 B.R. 387, 389 (Bankr.D.Conn. 1998) (citing American Savings Bank v. Harvey (In re Harvey), 172 B.R. 314, 318-19 (9th Cir. BAP 1994)). We hold that the creditor must be substantially justified at all times through trial to be insulated from paying attorneys' fees under § 523(d). See (In re Carolan), 204 B.R. 980 (9th Cir. BAP 1996); In re Harvey, 172 B.R. at 318-19; First Deposit Nat'l Bank v. Mack (In re Mack), 219 B.R. 311, 314 (Bankr.N.D.Fla. 1998) (where a "creditor pursues or continues to pursue a claim after it knows or should have known it could not prevail, there is no reasonable basis" and thus, it cannot be substantially justified); Providian Bank v. Stockard (In re Stockard), 216 B.R. 237, 240 (Bankr.M.D.Tenn.1997) ("[a] creditor's position is substantially justified if it has a `reasonable basis in both law and in fact' at all times during the litigation."); People's Bank v. Poirier (In re Poirier), 214 B.R. 53, 57 (Bankr.D.Conn.1997); Mercantile Bank of Illinois v. Williamson (In re Williamson), 181 B.R. 403 408 (Bankr.W.D.Mo.1995); In re Friend, 156 B.R. 257, 262 (Bankr.W.D.Mo. 1993); In re Shurbier, 134 B.R. 922, 928 (Bankr.W.D.Mo.1991); Manufacturers Hanover Trust Co. v. Hudgins, 72 B.R. 214, 220-21 (N.D.Ill.1987) ("when a creditor learns that it will not be able to prove its case, but continues to pursue the case, it falls within the statute, and thus must pay the debtor's attorney's fees and costs").
We note that a minority hold that the determination of whether a creditor is substantially justified is assessed only at the time the creditor filed its complaint. See FCC Nat'l Bank v. Dobbins, 151 B.R. 509, 512 (W.D.Mo.1992); Rochester Hills Chrysler Plymouth v. Phillips (In re Phillips), 153 B.R. 758 (Bankr.E.D.Mich.1993); First Chicago Nat'l Bank v. Willett (In re Willett), 125 B.R. 607 (Bankr.S.D.Cal.1991); Chevy Chase v. Kullgren (In re Kullgren), 109 B.R. 949, 953 (Bankr.C.D.Cal.1990) ("[t]he test that I must apply is whether under all the circumstances at the time of the filing of the complaint the plaintiff was substantially justified in filing the complaint. . . ." (emphasis added)). We disagree.
We think it unlikely that Congress intended to permit a creditor to continue to prosecute a proceeding against a debtor with limited resources with impunity after that creditor discovers its cause of action is without merit. A creditor must bring its claim against a debtor in good faith and, likewise, abandon its claim once it learns that the case is not substantially justified. If the creditor continues with its case past the point of substantial justification, it must be made to pay the Debtor's attorneys' fees in defending against the action. Conversely, if a creditor's pre-trial investigation and discovery show that its claim against the debtor is not substantially justified and withdraws its claim, it should not be required to pay attorneys' fees to the debtor. This construction, we believe, strikes the proper balance that Congress intended. Here, the trial court, in exercising its discretion, found that AT & T was responsible for Debtor's entire legal fee. He could have, in appropriate circumstances, after examining the totality of the circumstances, awarded less than the entire fee.
D. Defining "Substantially Justified"
The primary issue becomes whether the Bankruptcy Court abused its discretion when it found that AT & T was not substantially justified in bringing and prosecuting its claim against the Debtor.
In Pierce, the Supreme Court, with five justices in the majority and three dissents *531 on this issue,[6] defined "substantially justified" for the purposes of the EAJA. See Pierce, 487 U.S. at 563-68, 108 S.Ct. 2541. The Supreme Court was of the view that the definition most appropriate to "substantially justified" was
"justified in substance or in the main"  that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.
Id. at 565, 108 S.Ct. 2541 (citations omitted). Thus, the test is one of reasonableness. Sotelo-Aquije v. Slattery, 62 F.3d 54, 57 (2d Cir.1995). Specifically, to be substantially justified, it must be reasonable in both law and fact. Some courts have parsed this into a three-factor test. American Express Travel Related Svcs. v. Baker (In re Baker), 206 B.R. 507 (Bankr.N.D.Ill.), aff'd 213 B.R. 834 (N.D.Ill.1997); Phillips v. Napier (In re Napier), 205 B.R. 900 (Bankr.N.D.Ill.1997); America First Credit Union v. Shaw (In re Shaw), 114 B.R. 291 (Bankr.D.Utah 1990). The three criteria include: (1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced. Baker, 206 B.R. at 509; Napier, 205 B.R. at 908; Shaw, 114 B.R. at 295. Those courts adopted the test from Armstead v. United States Dep't of Housing & Urban Dev. (In re Armstead), 106 B.R. 405 (Bankr.E.D.Pa.1989). In Armstead, the Bankruptcy Court defined "substantially justified" in the context of the EAJA and after the reasoning in Pierce. These factors provide strong guidance to determine "substantial justification" within the meaning provided by the Supreme Court.
We believe that a determination of "substantial justification," under an abuse of discretion standard, should turn on a totality of the circumstances. This analysis permits a trial court to examine a variety of factors including, but not limited to, whether the creditor attended the 341 meeting or conducted an examination under Rule 2004, as well as the extent of its pre-trial investigation.
E. Analysis
The trial court relied upon the following factors in support of granting attorneys' fees: (1) had the Debtor moved for summary judgment pre-trial, it would have been entitled to a judgment as a matter of law; (2) the Debtor had submitted all of her oral and documentary evidence to AT & T before trial; (3) Debtor's attorney notified AT & T before it filed the complaint that there was no basis for liability; (4) at trial, plaintiff presented no evidence to contradict any of the Debtor's evidence; (5) AT & T did not appear at the 341 meeting and did not examine the Debtor pursuant to Fed. R.Bankr.P.2004; and (6) AT & T's post-trial brief on the issue of dischargeability "bore no resemblance to the facts of the instant matter." In re Williams, 217 B.R. 387, 388 (Bankr.D.Conn.1998).
Under a review for an "abuse of discretion," the Bankruptcy Court shall be reversed if it had "an erroneous view of the law or clearly erroneous factual findings." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). AT & T does not assert any error in the Bankruptcy Court's factual findings. Thus, the narrow scope of this appeal is whether the Bankruptcy Court had an erroneous view of the law.
AT & T argues, essentially, that the Bankruptcy Court incorrectly applied the facts to the law. AT & T avers that "it had considerable facts which supported its decision to file a complaint and was substantially justified in its filing." Appellant's Brief at 9. It refers to four exhibits it attached to its brief, which include (1) printouts of AT & T's twelve month history of Debtor's account; (2) copies of message inquiry screens; (3) copies of Debtor's account statements from October 1995 to April 1996; and (4) Debtor's Credit Bureau report.
*532 Moreover, AT & T argues that the Bankruptcy Court's finding that AT & T failed to attend the Debtor's § 341 meeting was not dispositive. In addition, AT & T points to Debtor's attorney's letter to AT & T that stated that Debtor had no liability and notes that it was mainly conclusory. Although neither AT & T's failure to attend the § 341 meeting nor its failure to act on the letter is dispositive, they are probative.
Debtor responds that, at trial, AT & T presented the four exhibits above and its expert was unable to decipher them. This, it argues, was the only evidence AT & T had at the time it filed its adversary proceeding. The Debtor also argues that AT & T should know from its prior litigation experience that failure to conduct a proper investigation is grounds to award attorneys' fees. (Citing AT & T Universal Card Svcs. Corp. v. Sziel (In re Sziel), 206 B.R. 490 (Bankr.N.D.Ill. 1997) (summarizing, in dicta, other courts that found a lack of investigation as grounds to award fees under § 523(d)); AT & T Universal Card Svcs. Corp. v. Grayson (In re Grayson), 199 B.R. 397 (Bankr.W.D.Mo. 1996); AT & T Universal Card Svcs. Corp. v. Chinchilla (In re Chinchilla), 202 B.R. 1010 (Bankr.S.D.Fla.1996) (finding that minimal and negligent pre-filing investigation was one factor in awarding attorneys' fees under § 523(d)); AT & T Universal Card Svcs. v. Alvi (In re Alvi), 191 B.R. 724 (Bankr. N.D.Ill.1996)).
AT & T asserts that it was substantially justified because through its pre-trial discovery, it concluded that it had a credible case and did not need to present any of its own witnesses. This was but one consideration the court below used in forming its decision.
The court below gave six grounds to support its decision. Considering the applicable standard of review, we cannot say the court abused its discretion. As stated above, the "abuse of discretion" standard is appropriate because "some of the elements that bear upon whether the [creditor's] position `was substantially justified' may be known only to the [bankruptcy court]." United States v. $19,047.00 in U.S. Currency, 95 F.3d 248, 251 (2d Cir.1996) (quoting Pierce, 487 U.S. at 560, 108 S.Ct. 2541). Indeed, the record supports the finding that, when the facts and circumstances are viewed as a whole, AT & T continued the prosecution of its claim past the point where it was substantially justified. Accordingly, the Bankruptcy Court did not abuse its discretion.
F. Attorneys' Fees for Defending This Appeal
Debtor seeks attorneys' fees for defending this appeal. She asserts that the cost to defend this appeal will equal the cost of defending the original proceeding. Without such an award, Debtor asserts, she will have won the battle but lost the war. The foundation for such an award, Debtor suggests, can be found in either § 523(d) itself or Fed. R.Bankr.P. 8020. Bankruptcy Rule 8020, mirrors the language of Fed.R.App.P. 38[7] and provides:
If a district court or a bankruptcy appellate panel determines that an appeal from an order, judgment or decree of a bankruptcy court is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
Fed.R.Bankr.P. 8020. Debtor cites no other authority. AT & T opposes the award of attorneys' fees for this appeal.
Under either the Code or Rule 8020, Appellee's request must be denied. Code § 523(d) alone does not authorize the Bankruptcy Court to award attorneys' fees for appellate representation. Vasseli v. Wells Fargo Bank, N.A., 5 F.3d 351 (9th Cir.1993). A request for attorney's fees under Rule 38 may be denied if the request is not accompanied by a motion. See Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 4 (1st Cir. 1998); Kolmes v. World Fibers Corp., 107 F.3d 1534, 1543 (Fed.Cir.1997); *533 California Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147 (9th Cir.1996) ("A request made in an appellate brief does not satisfy Rule 38."). Here, Debtor merely asked for fees in her brief.
Accordingly, we deny Debtor's request without prejudice to a motion for an award of fees in connection with this appeal.

CONCLUSION
Thus, we affirm the order of the Bankruptcy Court and deny Debtor's request for attorneys' fees for defending this appeal, without prejudice to an appropriate motion for fees.
SO ORDERED.
NOTES
[1] We have jurisdiction of this appeal under 28 U.S.C. § 158(c).
[2] Section 523(d) of the Code provides:

If a creditor requests a determination of dischargeability of a consumer debt under section (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.
11 U.S.C. § 523(d) (West 1993).
[3] The court below was not required to hold an evidentiary hearing on the issue of awarding attorneys' fees. See Doyle v. United States, 817 F.2d 1235, 1237 (5th Cir.), cert. denied sub nom. Vanya v. United States, 484 U.S. 854, 108 S.Ct. 159, 98 L.Ed.2d 114 (1987); Oliveri v. Thompson, 803 F.2d 1265, 1267 (2d Cir.1986), cert. denied sub nom. Suffolk County v. Graseck, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Due process was served by affording AT & T an opportunity to respond to Debtor's request for fees under 523(d). See Roberts v. Ace Hardware, Inc., 779 F.2d 52 (6th Cir.1985). The United States Supreme Court warns against creating a second law suit over attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Here, there were no factual issues.
[4] Justice Scalia delivered the opinion of the court. On this issue, Justice Scalia was joined by Chief Justice Rehnquist and Justices Brennan, Marshall, Blackmun and Stevens. Justice Kennedy took no part in the decision.
[5] This need for flexibility is particularly appropriate when reviewing a determination that the prosecution of a § 523(a)(2)(A) credit card fraud cause of action was not substantially justified. Currently, because there are few appellate cases, there are four principal approaches that the Bankruptcy Courts use in analyzing whether credit card debt has been fraudulently obtained; the implied representation theory, the assumption of risk theory, the totality of the circumstances theory and the common law-subjective theory. In addition, Bankruptcy Courts differ in their case management of adversary proceedings. For instance, some courts require creditor attendance at the 341(a) hearing before allowing a 2004 examination to be commenced. The combination of these differing legal theories and case management practices make it especially true that the elements that bear upon whether the creditor's position was substantially justified may be known only to the Bankruptcy Court.
[6] On this issue, Justice Scalia was joined by Chief Justice Rehnquist and Justices White, Stevens and O'Connor. Justice Kennedy took no part in the decision.
[7] Federal Rule of Appellate Procedure 38 provides, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R.App.P. 38.