In re Raymond TALARICO, Debtor.

Chase Manhattan Bank, USA, Plaintiff,

v.

Raymond Talarico, Defendant.

Bankruptcy No. 97–16815–9P7.
Adversary No. 98–70.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

April 20, 1999.

Scott W. Spradley, Orlando, FL, for plaintiff.

Carmen Dellutri, Ft. Myers, FL, for defendant.

## ORDER GRANTING DEBTOR/DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 11 U.S.C. § 523(d) (DOC. NOS. 44 and 47)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this adversary proceeding is the Debtor/Defendant's Motion for Summary Judgment on the Motion for Attorney's Fees and Costs filed pursuant to 11 U.S.C. § 523(d). The Court reviewed the Motion and the record, heard argument of counsel and now finds and concludes as follows:

On October 10, 1997, the Defendant, Raymond Talarico (Debtor) filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. On February 2, 1998, the Plaintiff filed the above-captioned adversary proceeding under 11 U.S.C. § 523(a)(2)(A). The Debtor filed an Answer to the Complaint, asserting several affirmative defenses.

The Debtor complied with Plaintiff's discovery requests and also propounded discovery to Plaintiff. The Debtor filed a Motion to Compel Discovery, which was granted by Order of this Court entered on September 21, 1998. On October 13, 1998, the Court entered an Order Sanctioning the Plaintiff for Failure to Comply with the Order Compelling Discovery, sanctioning the Plaintiff by striking the adversary complaint. Thereafter, the parties settled this matter by joint stipulation to dismiss the adversary proceeding with prejudice conditioned upon the reservation of the Debtor's right to seek attorney's fees and costs pursuant to 11 U.S.C. § 523(d).

The Debtor now seeks attorney's fees pursuant to 11 U.S.C. § 523(d) on the basis that the Plaintiff was not substantially justified in filing this adversary proceeding. The basis for the Motion is threefold. The Debtor contends first, that prior to filing the Complaint, the Plaintiff failed to conduct any type of investigation to verify the allegations of the Complaint; second, that during discovery, the Plaintiff was sanctioned by this Court for failure to comply with a discovery Order; and third, that the Plaintiff filed the adversary proceeding for the improper purpose and in the hopes of coercing an honest debtor into settling the lawsuit, knowing that the Debtor did not have the funds necessary to defend the claims alleged by the Plaintiff.

■ The Bankruptcy Code provides for attorney's fees in 11 U.S.C. § 523(d), which states,

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall

grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The purpose behind Section 523(d) is to "discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorneys' fees." *In re Williams*, 224 B.R. 523, 529 (2nd Cir. BAP 1998).

■ Under Section 523(d), the debtor must prove that a creditor unsuccessfully sued for the discharge of a consumer debt. *Williams*, 224 B.R. at 529. The burden then shifts to the creditor to show that its position was "substantially justified." *Id.* The United States Supreme Court has defined the term "substantially justified" for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), as " ... justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 563–68, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "That is not different from the 'reasonable basis in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541; *see also In re Duplante*, 215 B.R. 444, 449 (9th Cir. BAP 1997) ("To avoid a fee award, a creditor must show that it had a reasonable basis in law or fact to file an action, or otherwise demonstrate the existence of special circumstances."). Several courts have adopted the following three-part test for determining "substantial justification:"

(1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced.

*Williams*, 224 B.R. at 531.

■ The claim of nondischargeability asserted by the Plaintiff was based on an assertion that the Debtor abused the privilege of using his credit card issued by the Plaintiff in that he charged purchases and obtained cash advances when he knew or should have known that based upon his income and expenses, he would not be able to pay the charges. In applying the three-part test, there is no doubt that the Plaintiff had a reasonable basis in law for the theory it propounded. The use of a credit card creates an implied representation that the debtor intends to repay the debt, which representation is fraudulent if the credit card issuer demonstrates that at the time the debtor used the card, he or she had no intent to repay the debt incurred. *See e.g. In re Kukuk*, 225 B.R. 778, 786 (10th Cir. BAP 1998); *In re Melancon*, 223 B.R. 300 (Bankr.M.D.La.1998); *In re Taylor*, 211 B.R. 1006 (Bankr.M.D.Fla.1997).

■ It is without dispute that before filing the Complaint, neither the Plaintiff nor its counsel attended the Section 341 meeting of creditors, requested a Rule 2004 examination, or engaged in any type of pre-filing investigation of the Debtor other than looking at the Debtor's Schedules. The Schedules reflect only that at the time of the filing of the case, the Debtor's net monthly take home pay as a realtor was $1,860.00, although for the two years prior to the filing, the Debtor's annual income was approximately $40,000.00. His monthly expenses were $3,956.00 at the time of the filing. Since no pre-filing investigation was conducted, there was no reasonable basis in fact to contend that the Debtor did not intend to repay his debt to Plaintiff at the time that he used the card, even though the Debtor suffered a monthly shortfall in his budget. This being the case, there is no need to discuss the third component for a finding of "substantial justification." The Plaintiff was not substantially justified in bringing its claim for nondischargeability of the debt under 11 U.S.C. § 523(a)(2)(A).

■ This Court also notes that, "[a] creditor must abandon its claim once it

learns that the case is not substantially justified." *Williams,* at 530. Here, the Debtor was forced to file a motion to compel the Plaintiff to respond to its discovery requests. After the entry of an Order compelling the Plaintiff to respond, the Plaintiff failed to comply with the Court's Order and the Court eventually sanctioned the Plaintiff by striking the Complaint. The Plaintiff's conduct was not the conduct of a party who believes its position is substantially justified. *See In re Sales,* 228 B.R. 748, 752 (10th Cir. BAP 1999); *In re Bernard,* 85 B.R. 864 (Bankr.D.Colo. 1988). Under the circumstances, an award under Section 523(d) is warranted. *See In re Parsons,* 217 B.R. 959 (Bankr.M.D.Fla. 1998) (AT & T ordered to pay attorney's fees to debtor under similar facts).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Summary Judgment on the Debtor/Defendant's Motion for Attorney's Fees and Costs Pursuant to 11 U.S.C. § 523(d) be, and the same is hereby granted. Summary judgment is hereby entered in favor of the Debtor, Raymond Talarico, and against the Plaintiff, Chase Manhattan Bank, USA. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor/Defendant's Motion for Attorney's Fees and Costs Pursuant to 11 U.S.C. § 523(d) is hereby granted. The Debtor is hereby directed to file and serve, within ten (10) days of the date of the entry of this Order, an affidavit of fees and costs incurred in connection with this adversary proceeding.

DONE AND ORDERED.