**In the Matter of IRIDIUM OPERATING, LLC, et al.**

**Iridium India Telecom Ltd., Appellant,**

v.

**Motorola, Inc. and Official Committee of Unsecured Creditors of Iridium, et al., Appellees.**

**No. 04 Civ. 8687(LTS)(KNF).**

United States District Court, S.D. New York.

March 23, 2005.

Robert R. Leinwand, Robinson, Brog, Leinwand, Greene, Genocese & Gluck, PC, New York City, Rohit Sabharwal, Sabharwal & Associates, New York City, for Appellant.

James H.M. Sprayregen, Kirkland & Ellis, Chicago, IL, for Appellee.

## MEMORANDUM ORDER

SWAIN, District Judge.

Appellant Iridium India Telecom Ltd. ("Iridium") appeals from the Order of the United States Bankruptcy Court for the Southern District of New York, dated August 31, 2004, denying Iridium's motion pursuant to 11 U.S.C. § 1109(b) to intervene in the adversary proceeding filed on July 19, 2001, by Appellee Official Committee of Unsecured Creditors of Iridium LLC ("Unsecured Creditors Committee") against Appellee Motorola, Inc. ("Motorola"). The adversary proceeding is related to bankruptcy proceedings, commenced in August 1999, involving Iridium LLC and several other related entities. Appellant Iridium, which holds in excess of $70 million in shares of Iridium LLC, is engaged in a separate litigation against Appellee Motorola in India. Iridium sought to intervene in the adversary proceeding for the purpose of seeking an order modifying the Stipulated Confidentiality and Protective Order, dated February 8, 2002, entered in the adversary proceeding so that Iridium could gain access to certain discov-

ery materials produced in the adversary proceeding for use in the Indian litigation.

■ Upon evaluation in light of the totality of the circumstances, the Bankruptcy Court denied Iridium's motion to intervene as untimely, as well as on the grounds that Iridium had failed to demonstrate that its intervention was appropriate or warranted. The Bankruptcy Court noted, and considered, factors often considered by courts in this Circuit in weighing motions to intervene: "(1) the length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Farmland Dairies v. Comm'r of N.Y. Dep't of Agriculture,* 847 F.2d 1038, 1044 (2d Cir.1988). Abuse of discretion is the appropriate standard of appellate review in this matter. *Id.* at 1043–44.

■ Iridium argues on appeal that, pursuant to 11 U.S.C. § 1109 as interpreted by the Second Circuit in *Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.),* 303 F.3d 161 (2d Cir.2002), it has an unconditional right to intervene in the adversary proceeding, and that the Bankruptcy Court erred in failing to permit Iridium to intervene based solely on its party in interest status. Neither section 1109 nor the *Caldor* decision, however, relieves a party in interest of the obligation to exercise any right of intervention on a timely basis. Rule 24(a) provides in relevant part that "[u]pon *timely* application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene...." Fed.R.Civ.P. 24(a) (emphasis supplied); *see* Fed. R. Bankr.P. 7024 ("Rule 24 F.R. Civ. P. applies in adversary proceedings").

■ The Court finds that the Bankruptcy Court did not abuse its discretion in determining that Iridium's motion to intervene was untimely. Judge Blackshear weighed appropriately the relevant considerations of the status of the proceeding in relation to the timing of the application, as well as prejudice to preexisting parties. He found that the motion was untimely because it was interposed some three years after the adversary proceeding had commenced, and that Iridium knew or should have known of its alleged interest in the adversary proceeding at the time the proceeding was commenced. He also found that Iridium's delay of five months in moving to intervene after the particular discovery issue with which it is concerned arose also rendered its application untimely. Further, Judge Blackshear found that "on the facts of this case, ... the potential adverse impact on the original parties outweighs any benefit to ... intervention." *Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC),* Case No. 99–45005(CB), Adv. Pro. No. 01–02952, Opinion After Hearing On Iridium India Telecom Ltd.'s Motion to For Leave to Intervene in Adversary Proceeding Pursuant to Section 1109(b), at 7–10 (Bankr.S.D.N.Y. Aug. 20, 2004). "'A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. A [bankruptcy] court [also] abuses its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors.'" *In re Metiom, Inc.,* 318 B.R. 263, 267 (S.D.N.Y.2004) (quoting *In re Williams,* 224 B.R. 523, 529 (2d Cir. BAP 1998) (citations omitted)). Here, Judge Blackshear neither based his decision on an incorrect view of the law or erroneous factual findings, nor committed

a clear error of judgment in reaching his conclusion as to the timeliness issue. Accordingly, the Court finds that Judge Blackshear did not abuse his discretion in reaching the conclusion that Appellant's motion to intervene was untimely.

The Court notes in connection with the issue of prejudice that, in the Bankruptcy Court proceedings, Iridium did not seek to controvert Appellees' representations that thousands of boxes of documents had been produced, over 70 depositions taken, and over 2,000 exhibits marked in connection with the depositions, under the existing terms of the protective order, and that the discovery record included information governed by United States export control laws.

Even if the Court were to make a *de novo* determination as to Iridium's intervention application, the Court would conclude that Iridium's motion to intervene is untimely for substantially the reasons stated by the Bankruptcy Court. In view of the determinations of the Bankruptcy Court and this Court as to the timeliness issue, it is not necessary for this Court to determine the scope of the unconditional intervention right of a party in interest as enunciated by the Second Circuit in *Caldor*. Specifically, this Court need not address the question of whether such right extends to a situation in which the proposed intervenor does not seek to assert claims or defenses in the underlying litigation. *Cf.* U.S. Const. art. III, § 2, cl. 1 (Article III case or controversy requirement).

The Court further finds that the Bankruptcy Court did not abuse its discretion in concluding that Iridium had failed to demonstrate a compelling need or extraordinary circumstances warranting modification of the protective order.

Accordingly, for these reasons and for substantially the reasons stated in the Bankruptcy Court's August 20, 2004, Opinion, the Bankruptcy Court's denial of Iridium's motion to intervene and request for declaratory relief is affirmed. The Clerk of Court is respectfully requested to close this matter.

IT IS SO ORDERED.