In re Thomas A. THOMAS, and Linda M. Thomas, Debtors.

Frank Colabianchi, Plaintiff,

v.

Thomas A. Thomas, and Linda M. Thomas, Defendants.

Bankruptcy No. 99–12614.
Adversary No. 00–1138.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 5, 2001.

**168**

Joseph G. Corsaro, Steven B. Beranek, Westlake, Ohio, for plaintiff.

Stephen D. Hobt, Cleveland, Ohio, for defendant.

### *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Motion for Award of Attorney Fees and Costs ("Motion") filed by the Debtors, Thomas and Linda Thomas ("Debtors"). The Motion is opposed by the Plaintiff, Frank Colabianchi ("Plaintiff"), who filed a Response in Opposition to Defendants' Motion for Award of Attorney Fees and Costs ("Response"). The Debtors then filed a Reply to the Plaintiff's Response ("Reply").

Underlying the Motion is an adversary proceeding in which the Plaintiff sought to establish dischargeability of certain rents due him by the Debtors. The Court retains core matter jurisdiction over the Motion, pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District.

The subject adversary proceeding went to trial on October 27, 2000, at which time the Plaintiff asserted that the rent arrearage was nondischargeable pursuant to § 523(a)(2)(A) and (B) of the Bankruptcy Code. On November 30, 2000, the Court issued a Memorandum of Opinion and Order granting judgment for the Debtors. The Debtors now seek to recover attorney's fees and costs pursuant to § 523(d).

■ Section 523(d) reads:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). Thus, the elements of a successful motion for costs and fees under § 523(d) are that: (1) the creditor filed a dischargeability complaint under § 523(a)(2); (2) the complaint concerned a consumer debt; (3) the debt was found dischargeable; (4) the position of the creditor was not substantially justified; and (5) no special circumstances exist to make an award unjust. *See, e.g., In re Friend,* 156 B.R. 257, 262 (Bankr.W.D.Mo.1993).

Here, the parties do not dispute any of the first three elements. First, the Plaintiff filed an adversary complaint alleging the debt to be nondischargeable under § 523(a)(2)(A) and (B). Second, the debt at issue was the Debtors' rent payments for the house in which they lived, which constitutes a consumer debt under § 101(8). 11 U.S.C. § 101(8). Third, the Court found the debt to be dischargeable. Remaining at issue is whether the Plaintiff's position was substantially justified, or whether any special circumstances exist to make an award unjust.

■ The burden of proof in an action under § 523(d) is as follows: The debtor must show that the creditor brought an unsuccessful complaint on the discharge of a consumer debt. The burden then shifts to the creditor to prove substantial justification or special circumstances by a preponderance of the evidence. *American Savings Bank v. Harvey (In re Harvey),* 172 B.R. 314, 318 (9th Cir. BAP 1994); *In re Goss,* 149 B.R. 460 (Bankr.E.D.Mich. 1992).

■ In determining whether the Plaintiff's position was substantially justified, the Court looks to the totality of the circumstances. *Bank of America v. Miller (In re Miller),* 250 B.R. 294, 296 (Bankr. E.D.Ky.2000) (quoting *In re Williams,* 224 B.R. 523, 531 (2d Cir. BAP 1998)); *Matter of Phillips,* 153 B.R. 758 (Bankr.E.D.Mich. 1993). Among the relevant factors courts consider are "whether the creditor attended the 341 meeting or conducted an examination under Rule 2004, as well as the extent of its pre-trial investigation." *Miller, supra,* at 296 (quoting *Williams, supra,* at 531).

■ The record in the Debtors' case is unclear as to what parties attended the Debtors' § 341 meeting. It is clear, however, that the Plaintiff conducted depositions of both Debtors on August 25, 2000, and subpoenaed the records of the Debtors' bank accounts. Through the discovery process, the Plaintiff obtained documents and statements that, although ultimately insufficient to meet the Plaintiff's burden in his 523(a)(2) action, would reasonably call into question the Debtors' truthfulness.

The legislative history of § 523(d) reveals the situation that Congress intended to avoid by authorizing courts to award costs and attorney's fees in § 523(a)(2) proceedings:

> The threat of litigation over this exception to discharge and its attendant costs are often enough to induce the debtor to settle for a reduced sum, in order to avoid the costs of litigation. Thus, creditors with marginal cases are usually able to have at least part of their claim excepted from discharge (or reaffirmed), even though the merits of the case are weak.

H.R.Rep. No. 595, 95th Cong.2d Sess. 131, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6092. The legislative history also indicates:

> The purpose of § 523(d) is to discourage creditors from initiating meritless ac-

tions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees.

H.R.Rep. No. 595, 95th Cong.1st Sess. 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6321; S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866.

The instant case presents no similarity to the situations feared by Congress. The Plaintiff was not a sophisticated creditor seeking to manipulate the Debtors' anxieties about litigation costs. Nor was the Plaintiff's position plainly without merit. Rather, he was a small businessman with rational, albeit ultimately unfounded, hopes of excepting the subject debt from discharge.

The Plaintiff filed his complaint with a reasonable belief that he might establish the elements of § 523(a)(2). He had allowed the Debtors to reside at his rental property for approximately eleven months without receiving regular payments of rent. That forbearance was premised upon a series of promises made by the Debtors regarding future payments. Considering that the promises were never realized, the Plaintiff reasonably believed that the Debtors had dealt with him dishonestly.

Further, facts that the Plaintiff obtained in discovery further supported that belief. The deposition of co-debtor Linda Thomas revealed her skepticism regarding the likelihood of the Debtors' ability to fulfill their promises, and subpoenaed bank statements showed excessive spending habits that the Plaintiff featured in his arguments. Ultimately, the Court found that the Plaintiff could not meet his burden in proving the elements of § 523(a)(2), but the Plaintiff was nonetheless substantially justified in prosecuting the proceeding. At no time in the preparation or prosecution of his case could it be said that the Plaintiff did not have a reasonable belief that his case was well founded in fact and law.

The Debtors rely upon the decision in *Thorp Credit, Inc. v. Carmen (In re Carmen)*, 723 F.2d 16 (6th Cir.1983), to suggest that the court must award fees unless such an award would result in a clear inequity. As the Debtors acknowledge, however, *Carmen* addressed a previous version of § 523(d), and the difference in the text of the two versions is germane. The 1984 amendments to the statute removed the mandatory language to which *Carmen* refers. *See, e.g., American Savings Bank v. Harvey, supra,* at 318 (stating "[s]ection 523(d) was ... amended in 1984 in order to give the bankruptcy court more discretion in granting or denying a request for attorney's fees pursuant to § 523(d) ... Prior to 1984, § 523(d) required an award of costs and fees unless the creditor could show that the award would be clearly inequitable").

Therefore, rather than "clear inequity," the proper inquiry in this case is whether the Plaintiff was substantially justified, or whether special circumstances exist to make the award unjust. *Friend, supra,* at 262. As determined above, the Plaintiff herein was substantially justified in the prosecution of his complaint. The Court, therefore, needs not determine whether special circumstances regarding the justice of the award exist.

Accordingly, the Motion is hereby denied.

**IT IS SO ORDERED.**